Filed 2/4/22  P. v. Truong CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DUC HONG TRUONG,<br><br>    Defendant and Appellant. | G059735<br><br>(Super. Ct. No. 93WF0571)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

A quarter century after appellant was sentenced to life in prison without parole for killing Tuan Truong during a robbery, the trial court denied his petition for resentencing under Penal Code section 1170.95.[1] He contends the court erred because the record of conviction does not prove he was the person who killed Truong, but we disagree and affirm the court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, appellant and two codefendants went to Truong's motel room to confront him about an ongoing dispute. Besides Truong, three other men were in the room when appellant's group burst in with knives. First, they beat Truong and took property belonging to him and his companions. Then, about 10 minutes into the ordeal, appellant stabbed Truong in the leg. Although appellant did not intend to kill Truong, his knife severed Truong's femoral artery, and he eventually bled to death.

Following a jury trial, appellant and his codefendants were convicted of first degree felony murder and four counts of robbery. The jury also found true the special circumstance allegation the murder occurred during the commission of a robbery. With respect to the robbery counts, the jury found all three defendants personally used a knife. However, appellant was the only defendant who was found to have personally used a knife during the murder. He was sentenced to life in prison without parole, and we affirmed the judgment on appeal. (See *People v. Vo* (July 19, 1995, G015257) [nonpub. opn.].)

In 2019, appellant petitioned for resentencing pursuant to section 1170.95. The trial court appointed appellant counsel and held a hearing on the matter. However, it ultimately denied the petition on the basis the record of conviction proved the jury found appellant was the actual killer.

---

[1] All further statutory references are to the Penal Code.

2

DISCUSSION

Appellant contends the denial order must be reversed because the trial court engaged in improper factfinding, and the record of conviction does not establish he was the person who actually killed Truong. Neither contention has merit.

Section 1170.95 was enacted as part of Senate Bill No. 1437 (SB 1437), which limited the scope of vicarious liability for the crime of murder in two ways. First, the bill abolished the natural and probable consequences doctrine in murder cases. (See § 188, subd. (a)(3).) Since appellant was not convicted of murder under that doctrine, that change has no bearing in this case.

SB 1437 also amended the felony murder rule, which was the legal basis for appellant's murder conviction. Traditionally, the felony murder rule applied whenever the victim was killed during the course of a felony, regardless of the defendant's intent or actions. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275-276.) However, SB 1437 amended the rule so that it applies only if 1) the defendant actually killed the victim, 2) he aided and abetted the killer in committing first degree murder, or 3) he was a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

Section 1170.95 is the legal mechanism for challenging a murder conviction that was based on vicarious liability. To obtain relief under that section, the defendant must show he was convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and he would not be liable for murder today because of how SB 1437 redefined that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court must issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subd. (c).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as redefined by SB 1437. (*Id.*, subd.

3

(d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95.

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court clarified the rules for adjudicating a petition for resentencing under section 1170.95. The court ruled that when the petitioner requests an attorney in conjunction with a facially sufficient petition for resentencing, the trial court must allow input from counsel before considering whether the petitioner established a prima facie case for relief. (*Id*. at pp. 961-970.) In this case, the trial court complied with this procedural requirement, so there are no issues on that front.

Beyond addressing the right to counsel, *Lewis* determined the trial court may rely on the record of conviction in determining whether the petitioner has made a prima facie showing for resentencing. (*Lewis, supra*, 11 Cal.5th at pp. 970-972.) *Lewis* also made clear that when consulting the record of conviction, the trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.) However, if the record of conviction – including the parties' closing arguments and the jury's verdict – demonstrates the petitioner is ineligible for relief as a matter of law, the trial court may summarily deny his petition without an evidentiary hearing. (*Id*. at pp. 971-972; *People v. Jenkins* (2021) 70 Cal.App.5th 924.)

During their respective closing arguments in this case, the parties made it clear this was not a whodunit; the identity of the killer was never in dispute. The prosecutor and defense counsel were in complete agreement that appellant was the person who killed Truong. Therefore, the trial court was not required to engage in any factfinding on that important issue.

In addition, while the jury found all three defendants personally used a knife *during the robberies*, appellant was the only defendant who was found to have personally used a knife *during the murder*. Based on this record, it is clear that even though appellant was convicted of murder under the old felony murder rule, he would

4

still be liable for murder under the new felony murder rule because he was the one who actually killed Truong during the robberies. Therefore, he is outside the scope of section 1170.95, and the trial court properly denied his petition.

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.